## FARR *v.* SMITH.

The statute penalty of twenty-five cents a mile for the travel each way of a party or his attorney to attend a caption of depositions, when no deposition is taken, cannot be recovered for the travel of the general business agent of the party for that purpose.

DEBT, to recover the penalty provided by Gen. Laws, *c.* 229, *s.* 10. Facts agreed. In 1880 a suit was pending in favor of this defendant, and another against this plaintiff, a deputy sheriff, wherein one Barron was defendant in interest. The plaintiffs in that suit gave notice for the taking of depositions at Hill on June 17, 1880; but on arriving at the place of caption it was found that the witness whose deposition they proposed to take was so sick that he could not give it. Ira S. M. Gove, who was in the employ of Barron as a general agent in his business, was sent by him to Hill to attend the caption; and he travelled there and back, 120 miles each way, for that purpose. This suit is to recover twenty-five cents a mile for the 240 miles so travelled. Gove was not an attorney of any court.

*Drew & Jordan*, for the plaintiff. The travel of Barron's general agent, Gove, to attend the caption, was in contemplation of law the travel of Barron. *Qui facit per alium facit per se.* The failure to take a deposition had precisely the same effect upon Barron, whether legal or practical, as though he had travelled *in propriâ personâ.* The cases of *Voght* v. *Ticknor*, 47 N. H. 543, and *Robertson* v. *Railroad*, 63 N. H. 544, are fully and exactly in point, and no sensible or legally appreciable distinction can be drawn between those cases and the present.

*Wm. & H. Heywood*, for the defendant. Penal statutes should be strictly construed. *State* v. *Wilson*, 47 N. H. 101, 108; *The Burdett*, 9 Pet. 682; *Elliott* v. *Railroad Co.*, 99 U. S. 573. A person cannot be said to neglect or refuse to take a deposition when he does all that he can to take it, and is prevented by inevitable accident. There is no equity in the case that can extend the law beyond the strict letter of it. It appears that the defendant intended in good faith to take the deposition of a witness. He expected to get testimony of some value, to use in the trial of his suit. Now, suppose he had taken it, and had taken a day to do it, in which case the agent of Mr. Barron would have spent that length of time and would have got nothing for travel and attendance: could that possibly have been better for the plaintiff than not to have the deposition taken? If the deposition had been taken, the plaintiff could get nothing for travel and attendance, though he had prevailed in the suit. But in fact the plaintiffs prevailed in that suit.

The true rule of construction to be applied in such cases makes it certain that the plaintiff cannot recover for the travel and at-

tendance of Mr. Gove, because he was not an attorney within the letter or meaning of the statute, and was not the agent, even, of this plaintiff.

CLARK, J. "If any party, after giving notice to the adverse party as aforesaid, neglects or refuses to take a deposition, such adverse party may recover twenty-five cents a mile for actual travel of himself or his attorney to attend the same, by action on the case, unless seasonably notified in writing, signed by the party giving such notice, that such deposition will not be taken." G. L., c. 229, s. 10.

The penalty is given only when the attendance is by the party or his attorney at law. A recovery may be had for the actual travel of the party himself or his attorney, but there is no provision for a recovery for the travel of an agent who is not an attorney. Section 4 of the same chapter provides that when the adverse party resides out of the state, or more than twenty miles from the place of caption or from the party proposing to take the deposition, notice may be given to his agent or attorney; and section 5 declares that "No person shall be deemed an agent or attorney for this purpose, unless he has indorsed the writ or the summons to be left with the defendant in the cause, or appeared for his principal before the court, justice, referees, or arbitrators, where the action is pending, or given notice in writing that he is such attorney or agent." G. L., c. 229, s. 5. Gove was not the agent or attorney of the party within the terms of this statute, and he was not an attorney at law. If the party had resided out of the state, a notice to Gove of the taking of the deposition would have been insufficient, and a notice to him that the deposition would not be taken would have been equally ineffectual. Gove was not the attorney of the party within the meaning of Gen. Laws, c. 229, s. 10, and there should be

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.